**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 17 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEVY AD GROUP, INC.; et al., | No. 21-15413 |
| Plaintiffs-Appellants, | D.C. No. 2:20-cv-00763-JAD-DJA |
| v. | |
| FEDERAL INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| CHUBB CORPORATION, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted March 9, 2022**
Phoenix, Arizona

Before: HAWKINS, PAEZ, and WATFORD, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff Levy Ad Group, Inc. ("Levy") appeals the dismissal of its diversity insurance claim for failure to state a claim. Applying Nevada law where interpretation of an insurance policy is a question of law for a court to decide, *Century Sur. Co. v. Casino W., Inc.*, 130 Nev. 395, 398 (2014), we affirm.

Levy, like many others nationwide, seeks coverage under its property insurance policy for economic losses during the COVID-19 pandemic. We agree with the numerous published decisions interpreting nearly identical policy language requiring "direct physical loss or damage" to the insured property according to its plain and ordinary meaning and unanimously concluding coverage does not exist. *Mudpie, Inc. v. Travelers Cas. Ins. Co.*, 15 F.4th 885 (9th Cir. 2021); *see also Estes v. Cincinnati Ins. Co.*, 23 F.4th 695 (6th Cir. 2022); *Terry Black's Barbeque, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450 (5th Cir. 2022); *10012 Holdings, Inc. v. Sentinel Ins. Co.*, 21 F.4th 216 (2d Cir. 2021); *Sandy Point Dental, P.C. v. Cincinnati Ins. Co.*, 20 F.4th 327 (7th Cir. 2021); *Goodwill Inds. of Central Oklahoma, Inc. v. Philadelphia Indem. Ins. Co.,* 21 F.4th 704 (10th Cir. 2021); *Oral Surgeons, P.C. v. Cincinnati Ins. Co.*, 2 F.4th 1141, 1143–45 (8th Cir. 2021).

Nor can Levy succeed under the civil-authority provision of the policy, which requires "direct physical loss or damage" to a nearby property. *See, e.g.*, *10012 Holdings, Inc.*, 21 F.4th at 223. Although none of these cases involved Nevada law, there is no reason to think a Nevada court would interpret the contract language

2

differently.  *See S.D. Myers, Inc. v. City and Cnty. of San Francisco*, 253 F.3d 461, 473 (9th Cir. 2001) (reasoning that if no state law case is directly on point, this court must "predict how the highest state court would decide the issue," using decisions from other jurisdictions as guidance) (citation omitted); *see also Estes*, 23 F.4th at 701 ("[T]he courts in these other states follow essentially the same rules for interpreting contracts . . . They give unambiguous words their ordinary meaning.") (citations omitted).

The district court correctly analyzed the relevant terms of the policy and held that Levy had not alleged any facts that could bring it within the terms of coverage.  As such, the court also properly dismissed Levy's claim for bad faith.  *Pemberton v. Farmers Ins. Exch.*, 109 Nev. 789, 793 (1993).  Finally, the court did not abuse its discretion by denying Levy leave to amend its complaint, as Levy did not suggest any additional facts it could have pled which would have brought its claim within the terms of the policy.  *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).

**AFFIRMED.**